[Crim. No. 679.   Second Appellate District, Division One.—November 10, 1919.]

THE PEOPLE, Respondent, v. EVELYN ROSENKRANTZ, Appellant.

[1] APPEAL—CONFLICTING TESTIMONY—WHEN IMPORTANT.—While the appellate court has no concern with any attempt to reconcile conflicting testimony, such a condition of the case becomes important in considering objections urged to the introduction of testimony, rulings as to which are assigned as errors of the court arising during the course of the trial.

[2] CRIMINAL LAW—UTTERING FICTITIOUS CHECK—EVIDENCE OF LIKE TRANSACTIONS.—In a prosecution for feloniously and fraudulently making and passing a check drawn upon a certain bank without having money or credit at that bank with which to meet the demand, testimony of like fraudulent transactions may be shown against the defendant so accused in order to illustrate the intent with which the particular act was committed.

[3] ID.—REASON FOR REFUSAL TO PAY CHECKS—INSUFFICIENT PROOF —TESTIMONY INADMISSIBLE.—In such a prosecution, testimony of

3. Admissibility in criminal prosecution of evidence to prove other crime as affected by degree or sufficiency of the evidence, note, 3 A. L. R. 784.

prior transactions involving checks of the defendant which were not paid by the bank drawn upon if not completed by a showing as to why the checks were not paid by the bank, should be withdrawn from the consideration of the jury and stricken from the record.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Reversed.

The facts are stated in the opinion of the court.

M. M. Gordon for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

JAMES, J.—Appeal from a judgment of imprisonment and from an order denying to the defendant a new trial.

The appellant was convicted of a felony, the specific offense charged in the information being that she feloniously and fraudulently made and passed a check drawn upon a San Diego bank for the sum of forty-five dollars without having money or credit at that bank with which to meet the demand. The evidence was sufficient to justify the conclusion that the check had been passed as charged in the information, although had the jury believed the statements made by the appellant in her testimony it might have reached a contrary verdict. [1] However, this court has no concern with any attempt to reconcile conflicting testimony, but such a condition of the case does become important in considering certain objections urged to the introduction of testimony, rulings as to which are assigned as errors of the court arising during the course of the trial. [2] The prosecution not only made proof of the passing of the particular check set out in the information, but showed transactions had at a prior time between the appellant and persons other than the original complainant herein. This testimony, if complete, was admissible under the well-known rule that like fraudulent acts may be shown against a defendant so accused in order to illustrate the intent with which the particular act was committed. [3] Here the attempt was to show that other checks had been passed by appellant which were not paid because of insufficient funds

or credit at the bank upon which they were drawn.  The testimony as to three of such instances fell short of showing the reason why the check so issued and passed was not paid by the bank upon which it was drawn.  The witnesses were allowed to testify that they paid appellant money and took her check and that the check was sent to "the" bank and returned. In one case a witness testified that "she thought" that the check had been presented to a bank, but she had no actual knowledge as to the fact.  For aught that appeared in testimony, in each of these instances involving prior claimed fraudulent acts of appellant many reasons may have existed other than that the appellant had not sufficient credit, which led the banks to return the checks.  The checks themselves, when offered in evidence, were, upon objection, rejected by the court, but the court refused to strike out the oral testimony that had been given concerning the passing of them. There was, therefore, carried to the jury the suggestion that these transactions may have been fraudulent and the effect may have been to influence the jury in passing upon the credibility of the defendant as a witness.  We have before stated that she gave an explanation with reference to the particular transaction charged, which, if believed, would have resulted in a verdict of acquittal.  The court directly attracted the attention of the jury to the evidence referring to the previous transactions by instructing it as to the purpose for which such evidence was received.  We think that the testimony, not being completed with a showing as to why the checks were not paid by the banks, should have been withdrawn from the consideration of the jury and stricken from the record.  We think it cannot be said that a miscarriage of justice has not resulted.  After hearing the defendant's testimony the jury might have adopted her version of the transaction charged; with the evidence of previous transactions of alleged like kind, the jury would most likely have drawn the inference that in the prior transactions appellant had committed similar offenses, without understanding that that proof failed to establish that the acts so described were guilty ones.

The claim as to other alleged errors, as made by appellant, we think, is without merit.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.